UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GARRETT MCCAW, <br><br> Plaintiff, <br><br> v. <br><br> MAUREEN L. FOX, et al., <br><br> Defendants. | Case No. 16-cv-02288-EMC <br><br> **ORDER OF DISMISSAL** <br><br> Docket No. 1 |

## I. INTRODUCTION

Michael Mr. McCaw, a prisoner at the Centinela State Prison in Imperial, California, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. §§ 1983, 1985(2), and 1986. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

The complaint in this action concerns Mr. McCaw's criminal case and conviction in Los Angeles County Superior Court, and appeal therefrom. The case is still pending on appeal in the California Supreme Court.

Claims are asserted against two defendants. The first defendant is Maureen Fox, who is Mr. McCaw's appointed appellate attorney and allegedly lives and works in Los Gatos. Docket No. 1 at 8. Ms. Fox allegedly did not do many things Mr. McCaw wanted her to do on appeal and in a habeas action to challenge his conviction. Her failure to pursue certain theories in his case allegedly supports relief under the second clause of 42 U.S.C. § 1985(2), which provides a cause of action for conspiracy to obstruct justice in the state courts "with intent to deny to any citizen the equal protection of the laws." 42 U.S.C. § 1985(2). Mr. McCaw also alleges conclusorily that Ms. Fox was part of a conspiracy to deprive him of justice in his criminal case.

The second defendant is the County of Los Angeles, which is sued "for several reasons" under 42 U.S.C. § 1985(2) and § 1986. Docket No. 1 at 11. (Section 1986 provides a cause of action against one who, having the power to do so, fails to prevent the commission of a wrong mentioned in 42 U.S.C. § 1985). The County of Los Angeles employed deputy clerk Belcher, who "den[ied] Mr. McCaw the right to fire Maureen Fox." *Id.* By returning filings from Mr. McCaw in which Mr. McCaw was trying to fire Ms. Fox, Belcher showed "deliberate indifference to a conspiracy and/or involvement in the conspiracy." *Id.* "The County of Los Angeles allowing court clerks to deny prisoners constitutional rights without reason or authority is a custom & practice & policy that has been in place for years" and was followed in his case. *Id.* (error in source). The County also allegedly is liable because it contracts with the California Appellate Project, an organization to which Mr. McCaw sent copies of all his documents complaining about Ms. Fox. "This means the C.A.P. knew the case was fabricated & that a conspiracy was going on & Mrs. Fox was involved in it & they did nothing about it." *Id.*

Mr. McCaw's complaint seeks damage from both defendants, as well as "injunctive relief barring Mrs. Fox from representing [Mr. McCaw] anymore." *Id.* at 12. Damages are sought because the defendants have "caused [Mr. McCaw's] lifestyle to unfairly be degraded" apparently due to his incarceration and the pendency of the criminal case. *Id.*

The California courts website (i.e., http://appellatecases.courtinfo.ca.gov) has the following information about the progress of Mr. McCaw's case: Recently, the California Court of Appeal issued its opinion affirming in part, reversing in part, and remanding the case "for a jury trial on the truth of the prior conviction allegations, unless defendant admits the allegations or waives the right to a jury trial." *People v. McCaw*, Cal. Ct. App. Case No. B266497, slip op. at 19 (Cal. Ct. App. July 12, 2016). Even more recently, on August 16, 2016, Mr. McCaw filed a petition for review in the California Supreme Court, and that petition is pending in *People v. McCaw*, Cal. S. Ct. No. S236618.

### III.  DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

1  U.S.C. § 1915A(a).  In its review the Court must identify any cognizable claims, and dismiss any
2  claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or
3  seek monetary relief from a defendant who is immune from such relief.  *See id.* at § 1915A(b).
4  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d
5  696, 699 (9th Cir. 1990).

6      Mr. McCaw's civil rights complaint is barred by the *Heck* rule.  *Heck v. Humphrey*, 512
7  U.S. 477 (1994), held that a plaintiff cannot bring a civil rights action for damages for a wrongful
8  conviction or imprisonment, or for other harm caused by actions whose unlawfulness would
9  render a conviction or sentence invalid, unless that conviction or sentence already has been
10 determined to be wrongful.  *See id.* at 486-87.  A conviction or sentence may be determined to be
11 wrongful by, for example, being reversed on appeal or being set aside when a state or federal court
12 issues a writ of habeas corpus.  *See id.*  The *Heck* rule also prevents a person from bringing an
13 action that -- even if it does not directly challenge the conviction -- would imply that the
14 conviction was invalid.  The practical importance of this rule is that a plaintiff cannot attack his
15 conviction *in* a civil rights action for damages; the decision must have been successfully attacked
16 *before* the civil rights action for damages is filed.  The *Heck* rule was first announced with respect
17 to an action for damages, but the Supreme Court has since applied the rule to actions that sought
18 equitable relief as well as damages.  If success in the § 1983 action would "necessarily
19 demonstrate the invalidity of confinement or its duration," the § 1983 action is barred no matter
20 the relief sought (i.e., damages or equitable relief) as long as the conviction has not been set aside.
21 *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).  "*Heck* applies equally to claims brought under
22 §§ 1983, 1985 and 1986."  *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1098 n. 4 (9th
23 Cir.2004).

24     The *Heck* rule bars Mr. McCaw's claims against appointed appellate counsel Ms. Fox
25 because success on those claims would call into question the validity of Plaintiff's state court
26 judgment.  *See generally Smith v. Robbins*, 528 U.S. 259, 285 (2000) (ineffective assistance of
27 appellate counsel claim requires showing of deficient performance and prejudice, i.e., but for
28 counsel's failure "he would have prevailed on his appeal").  The *Heck* rule also bars Mr. McCaw's

3

claims against the County of Los Angeles because success on those claims would call into question the validity of his conviction; Mr. McCaw alleged that the court clerk was acting as part of a conspiracy to "frame" him and "obstruct the due course of justice" in his criminal case and appeal and interfered with his efforts to fire his appointed appellate attorney. *See* Docket No. 1 at 7, 11-12.

Even if the *Heck* rule did not extend to the injunctive relief request portion of Mr. McCaw's complaint -- i.e., his request for an injunction barring Ms. Fox from representing him -- dismissal would be required under the *Younger* abstention doctrine. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The rationale of *Younger* applies throughout appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending). Requests for declaratory relief that would interfere with ongoing state criminal proceedings are subject to the same restrictions that govern requests for injunctive relief. *See Samuels v. Mackell*, 401 U.S. 66, 71–74 (1971); *Perez v. Ledesma*, 401 U.S. 82, 86 n. 2 (1971). Mr. McCaw has a petition for review pending in the California Supreme Court and, per the California Court of Appeal's decision, must return to superior court for further proceedings on the part of his case that was remanded. To grant Mr. McCaw's request for injunctive relief barring the appellate attorney from representing him plainly would interfere with the state court criminal action now pending. *Younger* abstention is warranted. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing *Younger*, 401 U.S. at 44–45); *see also Juidice v. Vail*, 430 U.S. 327, 348 (1977) (where a district court finds Younger abstention appropriate, the court may not retain jurisdiction and should dismiss the action).

If Mr. McCaw wants to challenge the lawfulness of his current custody, the exclusive method by which he may do so in federal court is by filing a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The proper venue for a habeas petition challenging a conviction from the Los Angeles County Superior Court is the United States District Court for the Central District of California.

## IV. CONCLUSION

For the foregoing reasons, this action is dismissed. The dismissal is without prejudice to Mr. McCaw filing a new action for damages if his state court conviction is overturned or set aside. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: September 15, 2016

_____
EDWARD M. CHEN
United States District Judge

5